THE STATE, EX REL. STEVENSON, APPELLEE, *v.* MURRAY,
JUDGE, APPELLANT.

[Cite as State, ex rel. Stevenson, *v.* Murray
(1982), 69 Ohio St. 2d 112.]

(No. 81-861—Decided February 3, 1982.)

*Messrs. Silverman, Gorman, Wittenberg & Wittenberg, Mr. Charles S. Wittenberg* and *Mr. Nathan L. Silverman,* for appellee.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Ms. Mary G. Trimboli,* for appellant.

*Per Curiam.* Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred. *Commrs. of Montgomery Co.* v. *Carey* (1853), 1 Ohio St. 463, paragraph one of the syllabus. Thus, in the case at bar, the issue is whether appellee was entitled to a jury trial on August 15, 1979, when the stipulation was contested and a jury trial was first demanded.

Paternity actions are governed by the procedure provided for in the trial of civil actions. *State, ex rel. Wise,* v. *Chand* (1970), 21 Ohio St. 2d 113, paragraph one of the syllabus; *Taylor* v. *Scott* (1959), 168 Ohio St. 391. Thus, the provisions of Civ. R. 38 governing trial by jury in civil actions are applicable to paternity proceedings.

Appellant contends that his decision to deny the request of appellee herein for a jury trial was a matter within his judicial discretion which cannot be controlled by a writ of mandamus. R. C. 2731.03; *State, ex rel. DeVille Photography, Inc.,* v. *McCarroll* (1958), 167 Ohio St. 210. Civ. R. 39(B) provides, in part:" * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Appellee does not assert that timely demand was made under Civ. R. 38(B), and thus, appellant had no clear legal duty to order a jury trial under the Civil Rules.

While the Civil Rules were in effect at the time the paternity action was commenced, appellee alleged that it was the court's policy to order jury trials in all paternity actions, even though no timely jury demand was filed. If the court was operating under such a policy, then appellant may have had a clear duty to grant appellee a jury trial.

No evidence was presented to establish whether such a

policy existed and the Court of Appeals did not state its reason for allowing the writ. Since there was no duty upon appellant under the Civil Rules to allow a jury trial and no evidence was presented or findings made as to whether such a duty existed by reason of court policy, the requirements for the issuance of a writ of mandamus were not met. A writ of mandamus will not issue unless relator proves he has a clear right to the relief sought. *State, ex rel. McGarvey,* v. *Ziegler* (1980), 62 Ohio St. 2d 320, 321; *State, ex rel. Roth,* v. *West* (1935), 130 Ohio St. 119, 124.

Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded to determine whether, by operation of a court policy, appellant was under a clear legal duty to grant appellee a trial by jury.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.