OPINION
The defendant-appellant, Michael D. Wright, appeals the judgment of the Allen County Court of Common Pleas finding him guilty of five counts of aggravated murder, including death penalty specifications, one count of aggravated robbery, and one count of aggravated arson. Based upon our review of the record, we affirm the defendant's convictions for aggravated murder, but reverse and remand for retrial before the three-judge panel the defendant's convictions for aggravated robbery and aggravated arson.
The facts and procedural history of the case are as follows. On the evening of March 29, 2000, Samual Williams, a known local drug dealer, approached the defendant and proposed that he set fire to a home in exchange for cash. Williams wanted the defendant to set the fire because the homeowner, Rodney Bunley, had allegedly stolen drugs from an acquaintance of Williams. The defendant accepted Williams' offer.[1]
Later that same evening, at the direction of Williams, the defendant filled two forty-ounce beer bottles with gasoline and inserted cloth rags into the spouts of the bottles. On or about 12:00 a.m., Williams drove the defendant to the intersection of Jameson Avenue and Leland Avenue, in Lima, Ohio. Rodney Bunley's home was located at 1021 West Leland Avenue. Williams directed the defendant to set fire to the home, which was located three houses from the corner of the intersection. The defendant exited the vehicle and approached the home on foot.
Upon arriving at Rodney Bunley's home, the defendant set fire to one of the bottles of gasoline. The defendant threw the bottle through the front glass plate window of the home. A fire erupted quickly within the front interior portion of the home. Immediately thereafter, the defendant threw the second bottle of gasoline through the broken front glass window. The defendant fled the scene on foot and eventually returned to his home.
The ensuing fire resulted in the death of five people. Ironically, Rodney Bunley was the only person who had managed to escape from the burning home. Tragically, four of those who had died in the fire were children.
On April 19, 2000, a grand jury indicted the appellant on five counts of aggravated murder, in violation of R.C. 2903.01(B). The five counts included the following death penalty specification under R.C.2929.04(A)(7): that the aggravated murder had been committed while the defendant was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the crime of aggravated arson. The appellant also was indicted on one count of aggravated arson, in violation of R.C. 2909.02(A)(1), and one count of aggravated robbery, in violation of R.C. 2911.01(A)(1). The aggravated robbery count included a firearm specification under R.C. 2941.141(A), which was later dismissed.
On September 27, 2000, the defendant voluntarily signed a jury waiver and came before a three-judge panel in the Allen County Court of Common Pleas. Before accepting the defendant's guilty pleas, the court thoroughly questioned the defendant about his pleas. The defendant then entered guilty pleas to five counts of aggravated murder, including the death penalty specifications, one count of aggravated arson, and one count of aggravated robbery.
As evidence of the defendant's guilt, the prosecutor proffered a transcript of the defendant's testimony given at the jury trial of Martice L. Boddie, a co-defendant who also had been charged with various offenses related to the fire. The defendant's defense counsel stipulated as to the admissibility of the transcript as evidence of the defendant's guilt. In exchange for the defendant's guilty pleas, the prosecution recommended that the defendant receive life sentences without the possibility of parole. Furthermore, the prosecution did not proffer evidence of aggravating circumstances.
The three-judge panel entered its verdict on the aggravated murder charges, including the death penalty specifications, but only the presiding judge entered a verdict on the remaining charges of aggravated arson and aggravated robbery. The three-judge panel found the defendant guilty of five counts of aggravated murder, including the death penalty specifications. The presiding judge found the defendant guilty of one count of aggravated arson and one count of aggravated robbery.
The case eventually proceeded to the penalty phase and the three-judge panel sentenced the defendant to five concurrent terms of life imprisonment for the offenses of aggravated murder. The presiding judge sentenced the defendant to two concurrent ten-year terms of imprisonment for the crimes of aggravated robbery and aggravated arson.[2]
The defendant now appeals, asserting three assignments of error for our review.
Assignment of Error No. I
 The trial court erred by convicting Mr. Wright of aggravated murder and aggravated robbery when the evidence was insufficient to sustain the charges. R.C. 2945.06. Criminal Rule 11.
In his first assignment of error, the defendant maintains that the prosecution failed to present sufficient evidence tending to prove that he possessed the requisite mental state for aggravated murder.[3]
Specifically, the defendant maintains that there was insufficient evidence to prove beyond a reasonable doubt that he specifically intended to cause the victims' deaths. For the following reasons, we find no merit to the appellant's assignment of error.
Initially, we note that under normal circumstances a plea of guilty precludes a defendant from attacking the sufficiency of the evidence under Ohio Law. Ohio law, however, requires that a party who pleads guilty to aggravated murder appear before a three-judge panel which must "examine the witnesses, determine whether the accused is guilty of aggravated murder * * * and pronounce sentence accordingly." R.C. 2945.06. Therefore, challenges to the sufficiency of the evidence are expressly permitted on aggravated murder charges. See State v. Taylor (1972),30 Ohio App.2d 252; see, also, State v. Leasure (July 22, 1992), Ross App. No. 1755, unreported (challenging the sufficiency of the evidence after guilty plea).
When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Clemons (1998),82 Ohio St.3d 438, 444, certiorari denied (1998) 525 U.S. 1007, 319. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id. at 444.
Having set forth the applicable standard of review, we must now determine whether the decision of the three-judge panel was against the sufficiency of the evidence.
The defendant herein was convicted of five counts of aggravated murder in violation of R.C. 2903.01(B). R.C. 2903.01(B) provides, in pertinent part, as follows:
 No person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit * * * aggravated arson * * *. (Emphasis added.)
The mens rea of "purposely" is defined in R.C. 2901.22(A), which states as follows:
 A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
In his brief, the defendant contends that the prosecution failed to present sufficient evidence tending to prove that he possessed the requisite mental state for aggravated murder. The defendant does not dispute that he was responsible for causing the fire. The defendant contends, however, that he did not possess the culpable mental state required for conviction under R.C. 2903.01(B) because his specific intent was not to kill the victims. According to the defendant, his intention was merely to "smoke them out" of the home. Therefore, the defendant maintains that he did not "purposely" cause the victims' deaths.
Purposefulness, however, may be established by the intentional use of an inherently dangerous weapon during the commission of a felony that results in death. See State v. Duran (Dec. 3, 1999), Hancock App. No. 5-99-02, unreported. The Ohio Supreme Court has repeatedly held that if "an inherently dangerous instrumentality [is] employed, a homicide occurring during the commission of a felony is a natural and probable consequence presumed to have been intended." State v. Esparza (1988),39 Ohio St.3d 8, 14. Consequently, the prosecution's introduction of evidence which shows that the defendant used an inherently dangerous weapon during the commission of a felony provides a sufficient basis from which the trier of fact may find a purposeful intent to kill. Id.
Here, the transcript of the defendant's testimony reveals that he set fire to a forty-ounce bottle of gasoline and threw it through the front plate glass window of the home. Immediately after the fire erupted within the home, the defendant threw the second bottle of gasoline through the broken plate glass window. The foregoing testimony establishes that the defendant knew an explosion and fire would occur within the home. The defendant also testified that he knew that at least one individual was present within the home at the time he set fire.
Having viewed the evidence in a light most favorable to the prosecution, we find that the three-judge panel could have found the essential elements of the crime proven beyond a reasonable doubt. For the foregoing reasons, we cannot say that the decision of the three-judge panel was against the sufficiency of the evidence.
Accordingly, the defendant's first assignment of error is not well-taken and is overruled.
Assignment of Error No. II
 The trial court erred by convicting Mr. Wright without finding him guilty beyond a reasonable doubt. R.C. 2945.06. Criminal Rule 11.
In his second assignment of error, the defendant maintains that the trial court erred in failing to find that he was guilty beyond a reasonable doubt of five counts of aggravated murder, including death penalty specifications.[4] For the following reasons, we find no merit to the appellant's assignment of error.
R.C. 2945.06 specifies the procedural requirements which must be followed by any three-judge panel assembled upon a plea of guilty to aggravated murder. Under R.C. 2945.06, following the presentation of evidence, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable doubt of aggravated murder or of a lessor offense. See R.C. 2945.06.
In his brief, the appellant maintains that his convictions for aggravated murder must be set aside because the three-judge panel did not explicitly find, at the plea hearing or in the judgment entry of conviction, that he was guilty beyond a reasonable doubt. We find no merit to this argument because a finding of guilty on a criminal charge is implicitly a finding of guilt beyond a reasonable doubt. Furthermore, when reviewing a bench trial an appellate court may presume the trial court applied the law correctly unless the record clearly indicates otherwise. See In re Watson (1989), 47 Ohio St.3d 86, 91. Since nothing in the record indicates that the three-judge panel applied a legal standard other than proof beyond a reasonable doubt, we will presume the court applied the correct burden of proof in assessing the defendant's guilt.
Accordingly, the defendant's second assignment of error is not well-taken and is overruled.
Assignment of Error No. III
 The trial court erred and exceeded its jurisdiction by permitting a single judge to accept a guilty plea and sentence Mr. Wright for aggravated arson and aggravated robbery. Criminal Rule 11(C); R.C. 2945.06.
In his third and final assignment of error, the defendant maintains that the presiding judge erred in deciding alone the defendant's guilt on the noncapital offenses of aggravated arson and aggravated robbery. The defendant argues that the three-judge panel, as a whole, should have decided his guilt on the noncapital as well as capital offenses.
Here, the three-judge panel determined the appellant's guilt with respect to the five counts of aggravated murder and the accompanying death penalty specifications. The presiding judge, alone, determined the remaining noncapital offenses of aggravated arson and aggravated robbery. The defendant challenges the foregoing procedure utilized by the trial panel.
The Ohio Supreme Court recently addressed this issue in State v.Filiaggi (1999), 86 Ohio St.3d 230, 240. In Filiaggi, the Court held, in pertinent part, as follows:
 Since R.C. 2945.06 mandates that `the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty,' the presiding judge did not have sole authority to enter a verdict on the noncapital charges. Thus, the trial is still incomplete because outstanding charges remain to be decided by the three-judge panel. (citations omitted).
Therefore, we reverse and remand to the trial panel the verdicts on the non-capital offenses, attempted aggravated murder, aggravated burglary, and kidnapping. Upon remand, the trial panel is required to proceed from the point at which the error occurred. Montgomery Cty. Commrs. v. Carey
(1853), 1 Ohio St. 463, paragraph one of the syllabus; State ex rel.Stevenson v. Murray (1982), 69 Ohio St.2d 112, 113, 23 O.O.3d 160, 160-161, 431 N.E.2d 324, 325. Thus, the three-judge panel, having already heard all of the evidence, should reconstitute itself and deliberate anew on the charges of attempted aggravated murder, aggravated burglary, and kidnapping. The three-judge panel, as a whole, considered the aggravated murder charge, specifications, and penalty, as required by the statute; therefore, the verdicts on that charge are not affected.
Pursuant to the foregoing authority, we find that the presiding judge alone should not have determined the remaining charges of aggravated arson and aggravated robbery. Therefore, we must reverse and remand to the three-judge panel the verdicts on the noncapital offenses of aggravated arson and aggravated robbery.[5]
Accordingly, the defendant's third and final assignment of error is sustained.
Having found partial error prejudicial to the defendant herein, in the particulars assigned and argued, we affirm in part and reverse in part the judgment of the trial court.
Judgment affirmed in part, reversed in part, cause remanded for further proceedings consistent with this opinion.
 __________________ HADLEY, J.
WALTERS, P.J., and BRYANT, J., concur.
[1] According to the record, at least ten individuals, including Williams and the defendant, were involved in some capacity to set fire to the home.
[2] The concurrent ten-year prison terms for aggravated arson and aggravated robbery were ordered to be served concurrently to the terms of imprisonment for aggravated murder.
[3] Because of our disposition of the appellant's third assignment of error, we need not address the appellant's argument that his conviction for aggravated robbery was against the sufficiency of the evidence.
[4] Because of our disposition of the defendant's third assignment of error, we need not address the appellant's assignment of error as it relates to his convictions for aggravated arson and aggravated robbery.
[5] We note that the State of Ohio has conceded in its brief and at oral argument before this Court that the three-judge panel, as a whole, should have determined the remaining charges of aggravated arson and aggravated robbery. With respect to the five counts of aggravated murder and the accompanying death penalty specifications, the three-judge panel properly considered the charges. Therefore, the verdicts on these charges are not affected.