DECISION
Defendant-appellant, Douglas Lamont Leonard, appeals from a judgment of the Franklin County Court of Common Pleas determining him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual predator registration and notification statute.
Appellant was indicted on three counts of rape, two counts of felonious sexual penetration, and a single count of gross sexual imposition. The alleged victim, aged seven, was the daughter of appellant's live-in girlfriend. The following facts surrounding the offenses are drawn from the post-sentence investigation ("PSI") report found in the record.
On the night of November 22, 1995, the victim's mother saw appellant run out of the child's bedroom into the bathroom. The mother then looked into the child's bedroom and saw the victim curled up on the bed against the wall. The victim's panties were down to her ankles, and she began crying when asked what had happened. The victim later told hospital personnel that appellant had penetrated her vagina with his finger and penis, and had ejaculated.
The victim's mother confronted appellant immediately after the victim told her what had happened. Appellant initially denied any sexual contact with the child, but eventually admitted that "things had happened, but they only happened that one time." (PSI at 4.) The victim's mother threw appellant out of the home, and the police eventually became involved. At later interviews, the victim could not remember how many times appellant had engaged in vaginal intercourse with her, but stated that it happened a number of times over an extended period of time. The victim described the sexual abuse as taking place in various forms, including digital penetration, genital penetration, and cunnilingus. The victim described the abuse as taking place in various rooms of the house, including the living room, mother's bedroom, child's bedroom, and the bathroom.
An examination at Children's Hospital on November 23, 1995, the day after the victim's mother became aware of the abuse, showed that the victim suffered genital lacerations, an enlarged hymenal opening, and scarring. Some of the injuries were determined to be less than twenty-four hours old.
Five days after the victim's mother discovered the abuse, on November 27, 1995, appellant voluntarily went to Columbus police headquarters and made statements admitting various sexual acts with the victim. A transcript of appellant's interview is found in the record. Appellant admitted to engaging in vaginal intercourse with the victim, and stated variously that this had gone on for one, two, or more months. Appellant also stated that, if the victim's mother had not discovered the abuse, appellant would have continued his sexual abuse of the victim. Appellant recounted in detail a series of incidents in which he engaged in progressively greater sexual contact with the victim, culminating in vaginal intercourse. According to appellant, the victim wanted to engage in these acts with him, and discouraged him from stopping. Appellant generally took the position that the victim had initiated the sexual encounters, taking advantage of his weakness and inability to resist his sexual desires.
Appellant subsequently pleaded guilty to two of the rape counts in the indictment, without the allegation in each that appellant had used force or the threat of force to compel compliance. The court sentenced appellant to concurrent sentences of six to twenty-five years on each of the two counts.
Appellant was returned to court for a sexual predator hearing under R.C. Chapter 2950 on January 21, 2000. At the hearing the state introduced four exhibits: a copy of the indictment; a copy of appellant's criminal record; a copy of appellant's institutional records, including a post-sentence investigation; and a transcript of appellant's interview with police.
Counsel for appellant presented the testimony of Carl Miller, who had conducted a sex offender assessment of appellant in December 1996. Miller was employed at Madison Correctional Institute as a psychology assistant, undertaking sex offender risk assessments at the Sex Offender Risk Reduction Center. Appellant scored a total of eleven on the risk assessment, indicating a low risk of reoffending. Miller's assessment of appellant was predicated in large part on the fact that appellant had "been convicted of only one sex offense." (State's Exh. at 3.) Miller characterized appellant's sexual attraction towards children as a "temporary lapse of control or judgment." (State's Exh. at 3.) Miller considered appellant to be a "regressed child molester" rather than a "fixated child molester." (Tr. at 21.) Miller described regressed child molesters as those who, under certain circumstances or stress levels, will take advantage of an opportunity for sexual contact with children, regressing into finding children, adolescents, and under-aged persons as sexually attractive. In contrast, Miller described fixated child molesters as typical pedophiles whose attraction to children cannot be controlled or changed. Miller downplayed the repeated molestation described by appellant, finding it more significant that there was only a single victim. Miller also discounted appellant's statement to investigators that appellant could not say it would not happen again. Miller took this statement as an indication of appellant's desire to obtain help in controlling his behavior.
At the conclusion of the hearing, the trial court found appellant should be classified as a sexual predator. In support of its ruling, the court cited the youthful age of the victim, appellant's status as an authority figure in the victim's household, the occurrence of multiple sex acts over a series of multiple encounters, and appellant's own statement that he could not say that it would not happen again. The court also described appellant's efforts to blame the victim as ridiculous, and stated that the possible use of force by appellant should be considered a factor.
Upon appeal to this court, the matter was reversed and remanded for further proceedings. State v. Leonard (Sept. 7, 2000), Franklin App. No. 00AP-185, unreported. This court's reversal of the trial court's sexual predator finding was based on language employed by the trial court when rendering its decision at a predator hearing, which seemed to indicate that the court had relied on factors not statutorily enumerated in R.C.2950.09(B)(2), or falling within R.C. 2950.09(B)(2)(j), "[a]ny additional behavioral characteristics that contribute to the offender's conduct." Specifically, we found that the trial court had improperly considered the circumstances of appellant's plea-bargain in relation to the indictment including the prior use of force allegations, and the trial court's statement that, if appellant were to reoffend, the court itself would look bad for failing to classify him as a sexual predator. Most significantly, however, our prior decision noted that the trial court's recitation of factors underlying its decision omitted any consideration, discussion, or assessment of the expert testimony presented by appellant through the testimony of his psychological expert witness, Miller. We accordingly remanded the matter to the trial court for further proceedings.
Upon remand, the court of common pleas again considered the matter and once again found that appellant should be classified as a sexual predator. The court relied specifically on certain factors found in R.C.2950.09(B)(2). Under R.C. 2950.09(B)(2)(a), the court noted that appellant was twenty-seven years old at the time of the offenses, ruling out the crimes as a mere youthful indiscretion. Under R.C.2950.09(B)(2)(c), the court noted the extreme youth — seven years — of the victim at the time of the offenses, which the court found probative of appellant's propensity to reoffend. Under R.C.2950.09(B)(2)(h), the court noted a demonstrated pattern of abuse with multiple incidents of sexual conduct with the victim over an extended period of time. The court also considered appellant's own statement that he could not guarantee that it would not happen again, and discounted the expert testimony presented by appellant of a low risk of reoffending. The court noted that a lower risk than other imprisoned sex offenders does not necessarily translate to a low risk compared to the general population, and that the other facts of the case indicated a propensity to reoffend. Finally, the court found that appellant did not fit the definition of a regressed child molester as described by appellant's own expert, Miller, because of the absence of stressors or intoxication, as a trigger, for otherwise aberrant conduct by appellant, and the pattern of repeated abuse which fit more with the description of a fixated sex offender even in the absence of multiple victims.
Based upon all these factors, the court concluded that appellant should properly be classified as a sexual predator.
Appellant has timely appealed and brings the following assignments of error:
 FIRST ASSIGNMENT OF ERROR The trial court erred in finding Appellant to be a sexual predator.
 SECOND ASSIGNMENT OF ERROR The trial court disregarded the mandates of the Court of Appeals in its September 7, 2000 decision, which reversed the judgment of the trial court and remanded this case for further proceedings.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." "Although the standard set forth in R.C. 2950.01(E) looks toward the defendant's propensity to engage in sexually oriented behavior in the future, a trier of fact may look at past behavior as well since past behavior is often an important indicator of future propensity." State v. Maye (1998), 129 Ohio App.3d 165, 173.
Under R.C. 2950.09(B), the trial court, in making its determination, should consider a number of enumerated factors when assessing a defendant's propensity to reoffend:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The state is required to show a future propensity to reoffend by clear and convincing evidence:
 * * * Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. * * * [Emphasis sic.]
Cross v. Ledford (1954), 161 Ohio St. 468, 477.
Appellant's first assignment of error asserts that the trial court did not meet this burden of proving by clear and convincing evidence that appellant was likely to reoffend. We disagree, and find that the evidence before the trial court was sufficient to support a finding by clear and convincing evidence that appellant presented a high probability of committing sexually oriented offenses. In doing so, we reject appellant's contention that the trial court failed to give enough weight to appellant's expert testimony and to properly assess the significance of appellant's relatively low score on his sex offender assessment undertaken when he was incarcerated.
We will first address the trial court's assessment of the enumerated statutory factors. R.C. 2950.09(B)(2)(c) requires the court to consider the age of the victim of the sexually oriented offense for which sentence is to be imposed. In the present case, the victim was seven years old. The youthful age of appellant's victim can be a significant factor in assessing an increased risk of reoffense. State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97AP-858, unreported; State v. Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported. Pursuant to R.C.2950.09(B)(2)(h), the court should consider the nature of the offender's sexual conduct, including whether the conduct was "part of a demonstrated pattern of abuse[.]" Appellant's own description of his conduct with the victim established a series of repeated sexual incidents with the victim which established such a pattern of abuse. It can be significant in itself that an offender has committed multiple sex offenses. State v. Johnson (Sept. 24, 1998), Franklin App. No. 97AP-1585, unreported. "[T]he commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely `will have a similar compulsion in the future to commit these kinds of sexual offenses.'" State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported. This court has accordingly upheld sexual predator findings in similar cases involving repeated molestation of a single youthful victim. State v. Woodman (Mar. 30, 2000), Franklin App. No. 99AP-964, unreported (Memorandum Decision); State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. For example, in State v. Bartis (Dec. 9, 1997), Franklin App. No. 97AP-600, unreported, affirmed (1998),84 Ohio St.3d 9, this court upheld a sexual predator determination based on stipulated facts that the defendant had engaged in seven acts of sexual misconduct with a five year old child victim over a two-week time frame. While both appellant's and the victim's recitation of the events in the present case do not permit an exact count of the number of times that appellant had sexual contact with the victim, there is sufficient detail to show in excess of ten incidents over a time frame as admitted by appellant of between four weeks and three months. The facts in this case are at least as supportive, therefore, of a predator determination as found in Bartis.
Moreover, under the catch-all provision of R.C. 2950.09(B)(2)(j), one consistent aspect of appellant's statement throughout is particularly troubling when the evidence before the trial court is reviewed. Throughout appellant's interview with the police in the days following discovery of the abuse, appellant consistently describes the victim as initiating the sexual activity in the face of appellant's purported reluctance. Appellant describes the victim as calling him "chicken" on those occasions where he resisted her advances. Given the age of the victim, such statements by appellant are patent absurdities.
While this court is no longer capable of being surprised by the extent to which pedophiles will blame their acts on their victims, appellant's disingenuity raises to a new level this art of externalizing blame and placing the victim at fault for appellant's own conduct. Appellant, in a statement quoted in the post-sentencing report, stated: "when I told her that I wanted to stop she told me that she would tell if I stopped." (PSI at 6.) Thus, appellant's version of the facts is not only that he was seduced by the victim but, also, coerced by her into continuing his molestation. This propensity to paint the victim not only as a seductress and instigator, but also a blackmailer, inspires no confidence in appellant's ability to confront the culpability of his own actions, and correspondingly refrain from future criminal sexual conduct. We accordingly find that, under the factors set forth in R.C. 2950.09(B)(2), there was ample evidence to support the trial court's findings.
With respect to the trial court's disinclination to give weight to the expert testimony of Miller, the prison psychology assistant who conducted appellant's sex offender risk assessment, we note that expert testimony is not binding on a court in a sexual predator proceeding:
 Furthermore, we note that "[e]xpert testimony, even when uncontradicted, is not necessarily conclusive." State v. Dickerson (1989), 45 Ohio St.3d 206, 210. A trier of fact is permitted to reject an expert's opinion, even if uncontradicted by another expert, so long as there exists an objectively discernible reason for doing so. State v. Brown (1983), 5 Ohio St.3d 133, 135.
State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93, unreported.
The facts of the present case demonstrate several objective reasons for not giving dispositive weight to the risk determination made by the expert witness. Most saliently, Miller's assessment discounts the number of sex offense convictions in the risk assessment worksheet, showing a single sex offense when appellant had, in fact, been convicted of two. Moreover, the emphasis of this assessment upon convictions, rather than sex offenses, in the context of a predator hearing where criminal conduct for which no conviction has been entered can, nonetheless, be considered as an indicator of future propensity to offend, reflects a methodology the court should not be required to adopt. The court at the predator hearing is, of course, the final arbiter, and it is the court's best judgment of the offender's propensity to reoffend which must guide its decision. The court is, accordingly, entitled to weigh any factors not incorporated, or incompletely incorporated, into the process by which any expert arrived at an assessment of the defendant's risk of reoffending.
Furthermore, the expert testimony presented was contradicted in several respects by appellant's own statements which tended to establish his inability to refrain from future conduct. In the post-sentencing investigation report, appellant was quoted as saying "I can't say it won't happen again." (PSI at 6.) In his interview with detective Weeks immediately after the victim's mother discovered his actions, appellant was asked, "If mom hadn't walked in on you two last Wednesday on November 22nd, do you this'd still be going on? [Answer]: Yes." (Police Interview at 27.) Miller's diagnosis of appellant as a "regressed child molester," as noted by the trial court, is also at odds with the facts. According to Miller, regressed child molesters are persons who, under certain circumstances, subjected to stressors or intoxicated, will regress if given the opportunity into finding children sexually attractive. As the trial court noted, this definition does not fit defendant because both his repetition of the crimes and the absence of any clearly defined stressors or intoxication do not conform to the definition of a regressed child molester. Moreover, the trial court was entitled to find that even a regressed child molester presented a significant risk of reoffending if, in the trial court's sound judgment, the circumstances surrounding the offenses committed by appellant did not support the expert's assessment of low risk.
Based upon the foregoing, we find there was sufficient evidence to support the trial court's determination that appellant should be classified as a sexual predator, and the trial court did not err in declining to adopt as conclusive the assessment of risk developed in the sex offender assessment performed by appellant's expert witness. Appellant's first assignment of error is accordingly overruled.
Appellant's second assignment of error asserts that the trial court failed to comply with this court's instructions upon remand. Appellant argues that the trial court erred in failing to conduct a new hearing on remand, simply reconsidering the evidence previously heard, and that the trial court erred in continuing to consider criminal charges against appellant that had been dismissed as part of the plea-bargain.
Upon remand by an appellate court for further proceedings, "the cause may be taken up, by the court below, at the point where the first error was committed, and be proceeded with, as in other cases, to final judgment." Commrs. of Montgomery Co. v. Carty (1853), 1 Ohio St. 463, paragraph one of the syllabus. This ancient and fundamental rule has been more recently restated: "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." State ex rel. Stevenson v. Murray (1982), 69 Ohio St.2d 112, 113. Our prior decision in this case did not mandate a new evidentiary hearing. Error was only found in the trial court's consideration and deliberation upon the evidence, which occurred after the evidentiary phase had closed. Since we found error only in the trial court's deliberation upon the evidence properly introduced at the hearing, the trial court was entitled to proceed upon remand without hearing more evidence, restating its reasoning and conclusions in conformity with our instructions. See, e.g., State v. Filiaggi (1999), 86 Ohio St.3d 230, 240 (error occurring in three-judge panels' failure to deliberate on noncapital murder counts required remand only for new deliberations by new panel). We accordingly find no error in the trial court's procedure in taking up the matter again at the deliberation stage, without a new hearing.
As stated above, our prior decision found the trial court erred when it appeared to consider how the trial court itself would be viewed if it did not determine appellant to be a predator. We also found error in that the trial court gave a confused and contradictory assessment of the use of force aspect in the indictment, which was dropped from the eventual plea, and the court nonetheless considered force as a factor. Finally, we found error in the trial court's failure to address the opinion of appellant's expert witness.
As set forth above, the trial court, on remand, did undertake a more detailed examination of the psychological evidence presented by appellant's expert and clearly stated its reasons for declining to adopt the low-risk assessment. This aspect of our prior decision was therefore fully complied with upon remand.
With respect to the trial court's previous statement of concern regarding the court's public image if appellant were to reoffend, this language does not appear in the determination upon remand. Absent any evidence that this continued to be a factor in the trial court's decision, we find that the trial court, on remand, properly complied with our decision in this respect.
Finally, with respect to the trial court's consideration of the dismissed "use-of-force" specifications, our prior opinion should not in any way be taken for the proposition that crimes and circumstances not embodied in the limited offenses ultimately incorporated into a plea-bargain should not be considered by the court. Obviously, in a predator determination, the court is bound to consider all the statutory factors and circumstances surrounding the offenses, whether an indictment or conviction reflected those factors. Our prior decision in this case stated that the dismissed "use-of-force" specifications could not be considered; we did not say that the conduct underlying all counts of the indictment, and unindicted offenses, could not be considered, nor did we say that the evidence of force reflected in the evidence could not be considered. Our finding of error in this respect was therefore extremely limited, and the trial court upon remand fully complied therewith.
Based upon the foregoing, we find that the trial court fully complied with our instructions upon remand and appellant's second assignment of error is accordingly overruled.
Appellant's first and second assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas determining appellant to be a sexual predator, pursuant to R.C. 2950.01(E), is affirmed.
 ______________ DESHLER, J.
PETREE, J., concurs.
LAZARUS, J., concurs in judgment only.