OPINION *Page 2 
{¶ 1} Appellant Shane Martindale appeals his conviction for domestic violence in the Fairfield County Municipal Court. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 7, 2004, Lancaster police were dispatched to 132 S. Arlington Avenue on a 911 domestic violence call made by Karen Gordon, appellant's mother-in-law. Ms. Gordon stated that appellant had told her on the telephone that he was involved in an argument with her daughter Annette Martindale and that he had pushed Annette and grabbed her by her hair. Ms. Gordon stated that she then heard her daughter yell "call 911".
 {¶ 3} Officers Terry Williams and Matthew Petty responded to the 911 call at approximately 1:31 a.m. No one responded to the officers' knocking on the front door and announcing themselves as police officers. The officers subsequently contacted their supervisor, Sgt. Randy Greenawalt, for permission to enter the residence. Sgt. Greenawalt arrived on the scene, and upon being advised of the officers' observations, initiated a forced entry. Appellant was located, ordered to the ground and handcuffed. Appellant was then questioned as to what had occurred earlier that evening. He was thereafter placed under arrest and charged with domestic violence and obstructing official business.
 {¶ 4} At his arraignment, appellant pled not guilty. On September 24, 2004, appellant filed a motion to suppress arguing: (1) that the officers lacked probable and articulable suspicion to justify the initial stop of appellant; (2) that the statements made by appellant were done in violation of his Miranda rights; (3) that no probable cause *Page 3 
existed to justify the warrantless arrest of appellant; and (4) that no justification existed for the warrantless forced entry into appellant's home.
 {¶ 5} On January 21, 2005, the trial court issued a judgment entry on the motion to suppress, finding that the entry into appellant's home was legal because the officers believed that there was a substantial risk of harm to Annette, and that probable cause existed for Appellant's arrest because he told police that he "pulled her (Annette) off the couch". The trial court did find, however, that the statements made by appellant could not be admitted at trial because such statements had been made in response to questions directed to him after he had been arrested without first having been read his Miranda rights.
 {¶ 6} On April 7, 2005, appellant entered a plea of no contest to an amended charge of unlawful restraint (R.C. 2905.03). Upon the trial court's finding of guilty and sentence of 60 days in jail (suspended) on the unlawful restraint charge, appellant appealed to this Court regarding suppression issues. Upon review, we first found that the trial court had been correct in holding that exigent circumstances existed to justify to the officers' warrantless entry. However, we concluded the trial court had erred in finding that probable cause existed to arrest appellant. We thus affirmed the decision of the trial court in part, and reversed it in part, without specific directions upon remand. SeeState v. Martindale, Fairfield App. No. 05-CA-37, 2005-Ohio-6437,("Martindale I"). The State thereafter filed a motion to reconsider, which we denied on January 23, 2006.
 {¶ 7} The trial court, on March 2, 2006, issued a judgment entry permitting the State to proceed to trial without the evidence obtained as a result of appellant's arrest. *Page 4 
A jury trial was thus conducted on June 15, 2006, on the charges of obstruction of justice and domestic violence. At the conclusion of the State's case in chief, appellant successfully moved for acquittal on the obstruction charge, but the trial court denied a similar motion as to the domestic violence charge.
 {¶ 8} The jury subsequently found appellant guilty of domestic violence. Appellant was sentenced to 90 days in jail. The sentence was stayed pending appeal.
 {¶ 9} Appellant filed a notice of appeal on July 6, 2006. He herein raises the following three Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO PRESENT EVIDENCE AT TRIAL OBTAINED SUBSEQUENT TO THE ARREST WHERE THIS APPELLATE COURT HAS PREVIOUSLY RULED THAT NO PROBABLE CAUSE EXISTED FOR THE DEFENDANT'S ARREST.
 {¶ 11} "II. THE TRIAL COURT IMPROPERLY IMPOSED AN ADDITIONAL 90 DAYS OF ACTUAL JAIL TIME UPON A DEFENDANT WHO WAS PREVIOUSLY SENTENCED TO ALL SUSPENDED JAIL TIME BEFORE SUCCESSFULLY APPEALING THE TRIAL JUDGE'S PRETRIAL ORDER.
 {¶ 12} "III. THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO PROCEED TO TRIAL ON CHARGES OF DOMESTIC VIOLENCE AND OBSTRUCTION OF JUSTICE WHEN THOSE CHARGES WERE NOT THE CHARGES REMANDED FROM THE APPELLATE COURT." *Page 5 
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court improperly permitted evidence obtained following his arrest, despite our holding in Martindale I that no probable cause for arrest existed.
 {¶ 14} Generally, evidence which stems from a violation of a defendant's Fourth Amendment rights should be suppressed as "fruit of the poisonous tree." See, e.g., Wong Sun v. United States (1963),371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. However, in the case sub judice, appellant's brief does not set forth exactly what evidence was tainted and thus wrongfully admitted. An appellant's brief is to present "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App.R. 16(A)(7).
 {¶ 15} As the State notes, the trial testimony in this matter consisted of testimony by Annette Martindale, Karen Gordon, Officer Williams, and Officer Petty. Annette and Karen are private citizens, and appellant makes no attempt to portray them as co-participants in the State's search activities. See State v. Hegbar (Dec. 5, 1985), Cuyahoga App. No. 49828, citing Burdeau v. McDowell (1921), 256 U.S. 465, 475,41 S.Ct. 574, 65 L.Ed. 1048 (additional citations omitted). In regard to the two police officers, the trial court duly precluded the State from questioning them about information obtained after appellant was handcuffed and arrested on September 7, 2004. See Tr. at 213-214. *Page 6 
 {¶ 16} We thus find no merit in appellant's claim of improper "poisonous tree" evidence in the case sub judice. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 17} In his Second Assignment of Error, appellant argues the trial court erred in imposing a 90-day jail sentence for domestic violence, as opposed to the 60-day suspended sentence for unlawful restraint issued prior to the appeal in Martindale I. We disagree.
 {¶ 18} As we recently recited in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, ¶ 16, the United States Supreme Court inNorth Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072 set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Supreme Court therein stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. Id.
 {¶ 19} However, the Supreme Court subsequently ruled that thePearce presumption of vindictiveness does not apply when a sentence imposed after trial is greater than that previously imposed after a guilty plea. See Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201,104 L.Ed.2d 865.
 {¶ 20} Notwithstanding the fact that appellant herein was convicted and sentenced on a completely different charge following the remand after his successful first appeal, we find Pearce inapplicable given that appellant entered a no contest plea in the first case. *Page 7 
 {¶ 21} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends the trial court erred in permitting the State to proceed on charges of domestic violence and obstruction of justice following our remand of his unlawful restraint conviction in Martindale I. We disagree.
 {¶ 23} It is well-established that upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred. See State ex rel. Stevenson v. Murray (1982), 69 Ohio St.2d 112, 113, citing Commrs. of Montgomery Co. v. Carey (1853), 1 Ohio St. 463, paragraph one of the syllabus. In the case sub judice, appellant was originally charged with domestic violence and obstruction of justice. Our remand in the first case on suppression issues meant the trial court would have been required to proceed from the point of the reversed suppression ruling, which was prior to the point at which the parties had reached a no contest plea on the amended charge of unlawful restraint. This is precisely what the trial court did upon remand. Appellant's claim of error in this regard is thus devoid of merit. *Page 8 
 {¶ 24} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby affirmed.
Wise, J. Farmer, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed. Costs to appellant. *Page 1