[Cite as *State v. Klein*, 2013-Ohio-229.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. CT2012-0021 |
| KASEY L. KLEIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No.  CR2011-0206


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    January 25, 2013


APPEARANCES:

For Plaintiff-Appellee

MICHAEL HADDOX
PROSECUTING ATTORNEY
ROBERT L. SMITH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio  43701

For Defendant-Appellant

ERIC J. ALLEN
THE LAW OFFICE OF
ERIC J. ALLEN, LTD
713 South Front Street
Columbus, Ohio  43206

*Wise, J.*

{¶1} Appellant Kasey Klein appeals from her convictions, in the Court of Common Pleas, Muskingum County, for child endangering and involuntary manslaughter. The relevant facts leading to this appeal are as follows.

{¶2} On the evening of June 3, 2011, Appellant Kasey Klein and her husband, co-defendant Richard H. Klein, Jr., commenced a tent camping trip at Ellis Dam, Lock 11. They brought Appellant Kasey's sons, A.C. (age three) and A.J. (age two), with them on the trip.

{¶3} The next morning, emergency management officials were alerted that the boys were missing. As part of the search effort, rescue teams brought in two specially-trained tracking dogs, who followed the boys' scent to a lockwall about five-hundred feet from the tent site. Searchers ultimately found A.C.'s body floating in the river. He was wearing a sleeper and had both shoes on. The coroner subsequently determined that A.C.'s death was caused by accidental drowning. A.J. has never been found, although at least one of his shoes was located.

{¶4} On September 7, 2011, appellant and Richard were each indicted by the Muskingum County Grand Jury on two counts of child endangering, felonies of the third degree under R.C. 2919.22(A), and two counts of involuntary manslaughter under R.C. 2903.04(A), felonies of the first degree.

{¶5} Appellant thereafter appeared in court and entered pleas of not guilty. The case proceeded to a jury trial commencing January 30, 2012.

{¶6} The jury thereafter found appellant guilty as charged on all counts. Richard, who has filed a separate appeal to this Court, was also found guilty as charged on all counts.

{¶7} On February 21, 2012, following a sentencing hearing, appellant was sentenced to a total prison term of twelve years, plus restitution.

{¶8} On March 21, 2012, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶9} "I. THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTIONS IN THIS MATTER FOR CHILD ENDANGERING AND INVOLUNTARY MANSLAUGHTER IN VIOLATION OF THE FEDERAL CONSTITUTION'S GUARANTEES OF DUE PROCESS.

{¶10} "II. THE CONVICTION [SIC] FOR CHILD ENDANGERING AND INVOLUNTARY MANSLAUGHTER WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRODUCED BY THE STATE OF OHIO IN VIOLATION OF THE FEDERAL CONSTITUTION'S GUARANTEE OF DUE PROCESS."

I., II.

{¶11} In her First Assignment of Error, appellant contends her convictions were not supported by sufficient evidence. In her Second Assignment of Error, appellant contends her convictions were against the manifest weight of the evidence.

{¶12} As noted in our recitation of facts, Appellant Kasey's co-defendant, Richard H. Klein, Jr., brought a separate appeal to this Court. In that case, this Court has concluded that the joint trial of Richard and Kasey was an abuse of discretion and that severance of the co-defendants was warranted on due process grounds. Based on

said reversal in Richard's case, we find the proper remedy in the within appeal is to also reverse for a new trial as to Kasey.

{¶13} In reaching this decision, we recognize that Appellant Kasey has not raised the issue of severance as an assigned error. However, the potential remedy for a manifest weight challenge, which has been herein raised, is reversal of the conviction and the ordering of a new trial. *See, e.g.*, *State v. Braden*, 98 Ohio St.3d 354, 363, 785 N.E.2d 439, 2003-Ohio-1325, ¶ 54; *State v. Martin* (1983), 20 Ohio App.3d 172, 175. As such, appellant cannot now complain that she was not pursuing a possible new trial via her appeal. Furthermore, the Ohio Supreme Court has established that "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112, 113, 23 O.O.3d 160, 431 N.E.2d 324. Because the trial court's now-reversed decision to try the co-defendants together occurred at the beginning of the trial, the error must be corrected from that point in the proceedings. As such, both Richard and Kasey are entitled to new trials.

**{¶14}** We therefore will not address the merits of the two assigned errors.

**{¶15}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0108

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                     :
                                               :
-vs-                                           :                    JUDGMENT ENTRY
                                               :
KASEY L. KLEIN                                 :
                                               :
    Defendant-Appellant                    :                    Case No. CT2012-0021

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.

_____

_____

_____

JUDGES