OPINION
{¶ 1} Appellant, Vickie Campbell, and appellee, Morris Campbell, were granted a dissolution of their marriage on March 31, 1980. Two children were born as issue of the marriage. Appellant received custody of the children, and appellee was ordered to pay child support.
 {¶ 2} On May 29, 1996, the parties entered into an agreed judgment entry pertaining to child support arrearages. Appellee wanted credit for the time the children resided with him. The new total for arrearages was $15,000.00. Appellant waived $14,704.30 in arrearages.
 {¶ 3} Years later, appellee filed a request with the Licking County Child Support Enforcement Agency for a mistake of fact hearing regarding the arrearage amount. By notice dated February 11, 2003, the agency's hearing officer recommended a reduction of the arrearage amount to $5,864.41. Appellant appealed to the Court of Common Pleas of Licking County, Ohio. A hearing was held on June 9, 2003. By judgment entry filed August 19, 2003, the trial court found the agency could not alter the May 29, 1996 agreed judgment entry because the time for appeal had run and the issue of credit had already been decided. The trial court granted judgment to appellant in the amount of $12,974.84, plus interest from May 29, 1996.
 {¶ 4} On March 18, 2004, appellant filed a motion for contempt against appellee due to his failure to pay on the arrearages. A hearing before a magistrate was held on July 30, 2004. By decision filed August 19, 2004, the magistrate recommended finding appellee in contempt, and awarded appellant $26,574.04 for arrearages. No objections *Page 3 
were filed and the trial court approved and adopted the magistrate's decision on September 3, 2004.
 {¶ 5} On October 25, 2004, the trial court vacated the September 3, 2004 judgment entry. By opinion filed October 25, 2004, the trial court remanded the arrearage issue to the magistrate for re-examination. A hearing before a magistrate was held on March 21, 2005. By decision on remand filed April 7, 2005, the magistrate recommended appellant was entitled to $18,605.50 for arrearages, with interest running from August 19, 2003, not May 29, 1996. Both parties filed objections. By judgment entry filed July 19, 2006, the trial court approved and adopted the magistrate's new arrearage amount.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY DISREGARDING PRIOR JUDGMENTS FOR CHILD SUPPORT ARREARAGES."
 II {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO PROPERLY AWARD INTEREST."
 I {¶ 9} Appellant claims the trial court erred in disregarding previous judgment entries, and erred in sua sponte reconsidering the issue of arrearages. We agree. *Page 4 
 {¶ 10} On August 19, 2004, the magistrate filed a decision on the issue of appellee's contempt and the determination of arrearages. The decision discussed payments made, gave credits for payments made, and set an arrearage amount of $26,574.04. No objections were made to this decision. It is noted appellee's copy of the decision was returned on August 25, 2004 for "NO SUCH NUMBER/STREET." By judgment entry filed September 3, 2004, the trial court found no objections were filed and entered judgment consistent with the magistrate's decision. With no further entries on the docket, the trial court vacated the September 3, 2004 judgment entry. See, Judgment Entry filed October 25, 2004. By opinion filed same date, the trial court remanded the arrearage issue to the magistrate for re-examination, stating "This matter came before the Court upon documentation received from the second petitioner which the Court shall treat as objections to the magistrate's decision."
 {¶ 11} It is important to note the original arrearage amount was established via an agreed entry of the parties filed May 29, 1996:
 {¶ 12} "It is the finding of this Court that the First Petitioner waives her right to arrearages owed to her in the amount of $14,704.30, due to the fact that the children of the parties resided with the Second Petitioner from 1983 to 1987. Arrearages are owed by the Second Petitioner to the Ohio Department of Human Services in the amount of $739.00 as of 8/30/95. The balance of the arrearages owed to First Petitioner is $15,000.00, as of 8/30/95, per the URESA entry filed that date in the Family Court of Horry County, South Carolina, under Case No. 95 DR 26-323. See Exhibit A."
 {¶ 13} The parties' children were emancipated prior to this 1996 agreed entry as noted by the trial court in its October 25, 2004 opinion. *Page 5 
 {¶ 14} In Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." We find the doctrine of res judicata applies to the trial court's September 3, 2004 judgment entry because no appeal was taken from this judgment entry, no motion for relief from judgment was made "on the record," and pursuant to Civ. R. 53, the judgment on the arrearage amount became final.
 {¶ 15} We also find the May 29, 1996 agreed entry, from which no appeal was taken, addressed the credit appellee was entitled to for child support during the time the children resided with him. Appellee signed the agreed entry and now under the doctrine of res judicata, cannot have the matter of credit re-litigated.
 {¶ 16} Upon review, we hereby re-instate the trial court's September 3, 2004 judgment entry approving and adopting the magistrate's August 19, 2004 decision.
 {¶ 17} Assignment of Error I is granted.
 II {¶ 18} Based upon our decision in Assignment of Error I, this assignment is moot. *Page 6 
 {¶ 19} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby reversed and judgment is re-instated. Farmer, J. Gwin, P.J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is reversed, and the trial court's September 3, 2004 judgment entry approving and adopting the magistrate's August 19, 2004 decision is re-instated. *Page 1