{¶ 1} Shanda Swingle appeals a judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, which terminated her parental rights in her two minor children and gave permanent custody of the children to appellee Muskingum County Children's Services. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ALLOWED APPELLANT TO REPRESENT HERSELF WITHOUT MAKING THE APPROPRIATE FINDINGS ON THE RECORD AND/OR HOLDING A HEARING TO DETERMINE WHETHER APPELLANT UNDERSTOOD HER RIGHTS AND INTELLIGENTLY RELINQUISHED THE RIGHT TO REPRESENTATION BY COMPETENT COUNSEL AND/OR BY NOT HAVING THE WAIVER OF COUNSEL IN WRITING. APPELLANT WAS CONSEQUENTLY DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON (1984), 466 U.S. 668, 80 l. Ed. 2d 674, 104 S. Ct. 2052."
 {¶ 3} In State ex rel. Heller v. Miller (1980), 61 Ohio St. 6,399 N.E. 2d 66, the Ohio Supreme Court held "In actions instituted by the State to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." Syllabus by the court, paragraph two.
 {¶ 4} R.C. 2151.352 provides, inter alia, a child's parent is entitled to representation by legal counsel at all stages of the proceeding brought under *Page 3 
Chapters 2151 and 2152 of the Revised Code. The statute requires the court to appoint counsel for an indigent parent. See also, In Re: Williams,101 Ohio St. 3d 398, 2004-Ohio-1500, 850 N.E. 2d 1110.
 {¶ 5} Juv. R. 4 (A) provides a parent's right to counsel arises when the parent becomes a party to a juvenile court proceeding.
 {¶ 6} Juv. R. 2 (G) defines the term "court proceeding" as " * * * all action taken by the court from the earlier of (1) the time a complaint is filed and (2) the time a person first appears before an officer of the juvenile court until the court relinquishes jurisdiction over such child."
 {¶ 7} Juv. R. 4 (F) provides an attorney or guardian ad litem may withdraw only upon the consent of the court and with good cause shown.
 {¶ 8} The record indicates the trial court appointed counsel for appellant on July 24, 2006, prior to the adjudicatory hearing on appellee's complaint the two children were neglected and/or dependent children. The record does not contain a motion or order permitting appellant's counsel to withdraw from the case.
 {¶ 9} On June 4, 2007, the court approved appellant's counsel's motion for payment of appointed counsel fees and expenses. Counsel's summary of charges indicates the offenses charged were neglect and dependency. Under "disposition" the motion states the charge of neglect was dismissed and appellant pled to the charge of dependency.
 {¶ 10} On September 28, 2007, appellee filed its motion to modify temporary custody to permanent custody. The request for service accompanying the motion directs the clerk of court to make certified mail service on appellant, and does not *Page 4 
request service on appellant's appointed attorney. On October 2, 2007, the trial court issued a notice of hearing on the motion for permanent custody. The notice advises all parties of the right to counsel, and states the court will appoint counsel for an indigent party. The notice provides if a party wishes to apply for court-appointed counsel, he or she should contact the deputy clerk of the juvenile court as soon as possible.
 {¶ 11} At the hearing on the motion for permanent custody, appellant appeared without counsel. The court inquired of her whether she understood her right to be represented by an attorney, and whether she chose not to get an attorney. After a brief dialogue, the court proceeded to hear the motion for permanent custody.
 {¶ 12} The First District Court of Appeals dealt with a situation somewhat similar to the one at bar in the case of In re: CodyWalling, Hamilton Co. App. No. C-040745, 2005-Ohio-1558. InWalling, the court-appointed counsel attended the permanent custody hearing before the magistrate, but only his client filed pro se objections. Counsel did not ensure the trial court had a transcript of the magistrate's hearing and did not attend the hearing on the objections. The court of appeals found "office policy" may not be sufficient cause for appointed counsel's failure to appear at a permanent custody hearing, Walling at paragraph 12, citing In re:Bowman (Sept. 8, 1992), Stark App. No. CA-8853.
 {¶ 13} The Walling court also cited the Code of Professional Responsibility, now superseded by the Ohio Rules of Professional Conduct. Both the Code and the Rules require counsel to take reasonable steps to avoid prejudicing his or her client's rights before withdrawing from representation, see DR2-110(A); Pro. Cond. Rule 1.16 *Page 5 
 {¶ 14} We hold the trial court was incorrect in finding appellant was not represented by counsel, and in proceeding to the final hearing in the absence of her appointed counsel. Once counsel is appointed to assist an indigent parent, he or she is counsel of record until the termination of the case or until the court finds good cause for withdrawal and takes steps to ensure the parent is not prejudiced by the loss of counsel.
 {¶ 15} The assignment of error is sustained.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas Juvenile Division, of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 By Gwin, J., Hoffman, P.J., and Farmer, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas Juvenile Division, of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1