OPINION *Page 2 
{¶ 1} Appellant James Hutchinson ("Father") appeals the October 17, 2008 Entry entered by the Muskingum County Court of Common Pleas, Juvenile Court, which terminated his parental rights, privileges, and responsibilities with respect to his minor child, and granted permanent custody of the child to Appellee Muskingum County Children's Services ("the Department").
 STATEMENT OF THE CASE[1] {¶ 2} Father is the biological father of Dakota Swingle. Dakota's mother is Shanda Swingle ("Mother").[2] On May 25, 2006, the Department filed a Complaint, alleging Dakota and Destiny, Dakota's sister, to be neglected and dependent.[3] The trial court conducted a shelter care hearing on the same date and placed the children into the temporary custody of the Department. At the time, Father was incarcerated, serving a six year sentence with an expected release date of December 1, 2008. At the Adjudicatory/Dispositional Hearing held August 9, 2006, the trial court adjudicated Dakota to be dependent and ordered the status quo be maintained. The trial court extended temporary custody for six months, effective May 10, 2007. Because the conditions in Mother's home deteriorated, the Department filed a motion to modify temporary custody to permanent custody on September 28, 2007. *Page 3 
 {¶ 3} The trial court conducted a Final Hearing on December 12, 2007. Mother appeared pro se, and advised the trial court of her desire to represent herself. Via Entry dated January 23, 2008, the trial court terminated Father's and Mother's parental rights, privileges, and responsibilities, and granted permanent custody of Dakota to the Department. Mother filed a timely Notice of Appeal to this Court. Father did not appeal the January 23, 2008 Entry. This Court reversed and remanded the matter to the trial court, concluding the trial court was incorrect in finding mother was not represented by counsel, and in proceeding to the final hearing in the absence of her court-appointed counsel. In re: Swingle, Muskingum App. No. CT2008-0008, 2008-Ohio-3314.
 {¶ 4} Upon remand, the trial court conducted a second hearing on the Department's motion for permanent custody on October 6, 2008. Father and his counsel were present at the hearing. Via Entry filed October 17, 2008, the trial court again terminated Father's and Mother's parental rights, privileges, and responsibilities, and granted permanent custody of Dakota to the Department.
 {¶ 5} It is from this judgment entry Father appeals, raising the following assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HUTCHINSON, AND HIS BIOLOGICAL SON, DAKOTA SWINGLE, BY RULING IN AN ARBITRARY AND UNREASONABLE FASHION; AND ABUSE OF DISCRETION.
 {¶ 7} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT HUTCHINSON, BY FAILING TO ENSURE THE PROPER PREPARATION AND MAINTENANCE OF THE REQUISITE CASE PLAN, PURSUANT TO R.C. 2151.412. *Page 4 
 {¶ 8} "III. THE TRIAL OCCUR ERRED TO THE PREJUDICE OF APPELLANT HUTCHINSON, BY NOT PROPERLY CONSIDERING THE ACCOMPLISHMENTS APPELLANT HAS MADE DURING HIS PERIOD OF INCARCERATION, THE CLOSE PROXIMITY OF HIS RELEASE DATE, AND THE TIME WITHIN WHICH HE COULD COMPLETE THE PRESCRIBED CASE PLAN."
 {¶ 9} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.1(C).
 I, II, III {¶ 10} Prior to addressing the merits of Father's assignments of error, we must determine whether the trial court had authority to readjudicate Father's parental rights.
 {¶ 11} "The doctrine of the law of the case mandates that lower courts must apply the law as determined by appellate courts on legal questions involved for all subsequent proceedings at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St .3d 1, 462 N.E.2d 410.
 {¶ 12} When an appellate court remands a case for a limited purpose, "the trial court [is] obliged to accept all issues previously adjudicated as finally settled." Blackwell v. Internatl. Union,U.A.W. (1984), 21 Ohio App.3d 110, 112, 487 N.E.2d 334. See, also,Flynn v. Flynn, Franklin App. No. 03AP612, 2004-Ohio-3881, at ¶ 16 ("[a] remand for `further proceedings' should not be interpreted as a remand for `further hearings' where no further hearings would have been required from the point of error forward"); Orrville Products, Inc. v.MPI, Inc . (June 9, 1994), Cuyahoga App. No. 65184 ("[o]n remand, a trial court must obey the mandate of the court of appeals[,] * * * [t]he order of remand restores the trial court with jurisdiction to carry out the directive of the court of appeals"). *Page 5 
 Cugini and Capoccia Builders, Inc. v. Ciminello's, Inc. 10th Dist No. 06AP-210, 2006-Ohio-5787 at ¶ 32.
 {¶ 13} Following the original permanent custody hearing, the trial court filed an Entry on January 23, 2008, which terminated Father's parental rights, privileges, and responsibilities, and granted permanent custody of Dakota to the Department. Father did not appeal the trial court's decision. Both Father and Mother had a right to appeal that decision. Father's failure to appeal resulted in the January 23, 2008 Entry becoming law of the case as it pertains to him. This Court's remand in In re: Swingle, supra, was based solely on Mother's right to be represented by counsel at the permanent custody hearing when the trial court had previously appointed counsel for her.
 {¶ 14} Father's first, second, and third assignments of error are overruled.
Hoffman, J., Farmer, P.J. and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Juvenile Court is affirmed. Costs to Appellant.
[1] A Statement of the Facts underlying the Department's decision to become involved with the family is not necessary to our disposition of this appeal; therefore, such shall not be contained herein.
[2] Mother is not a party to this Appeal.
[3] Destiny's father is not a party to this Appeal. *Page 1