[Cite as *Batten v. Batten* , 2011-Ohio-3803.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VIRGINIA FAY BATTEN | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11-CA-1 |
| WILLIAM HENRICHS BATTEN | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of
Common Pleas, Domestic Relations
Division, Case No. 2005 DR 00106

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 1, 2011

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

RANDY S. KUREK                         GERALD L. STEBELTON
130 East Chestnut Street, Suite 402   CHARLES M. ELSEA
Columbus, Ohio 43215-3742            Stebelton, Aranda & Snider
                                      109 N. Broad Street, P.O. Box 130
                                      Lancaster, Ohio 43130

DAVID B. SHAVER
647 Hill Road North
Pickerington, Ohio 43147

*Hoffman, J.*

{¶1} Plaintiff-appellant Virginia Batten appeals the December 10, 2010 Entry issued by the Fairfield County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is William Batten.

STATEMENT OF THE FACTS AND THE CASE

{¶2} Appellant and Appellee were married on September 15, 1984. One child was born of the marriage, and is now emancipated. Appellant filed a Complaint for Divorce on March 5, 2005. Appellee filed an answer and counterclaim. During the pendency of the action, the judge originally assigned to the case retired from the bench. Upon motion of Appellee, the Ohio Supreme Court assigned the retiring judge to continue to preside over the case.

{¶3} The matter came on for trial on October 12, 2007. On the morning of the first day of trial, Appellant voluntarily dismissed her Complaint and the trial proceeded on Appellee's counterclaim.

{¶4} Appellee is an urologist and is self-employed through his medical practice. His gross income from the medical practice in 2006 was $475,000. Appellant was a career homemaker for a majority of the marriage. She has a high school diploma and she had been taking courses at Columbus State University towards an associate's degree in accounting. The trial court established the termination date of the marriage as December 31, 2005. At the time of the termination of the marriage, Appellant was 48 years old and Appellee was 50 years old. In addition to the income he earned from his medical practice, Appellee had an interest in several other business ventures. The

parties had numerous bank and investment accounts with substantial cash balances; however, they lived a relatively frugal lifestyle.

{¶5} On October 7, 2008, the trial court issued Findings of Fact and Conclusions of Law, followed on December 2, 2008, by it Entry-Clarification of Findings of Fact and Conclusions of Law. The trial court issued the Decree of Divorce on May 12, 2009.

{¶6} Appellant had been receiving $5,000 per month in spousal support since June, 2005. In its Decree of Divorce the trial court found she was entitled to spousal support in the amount of $7,500 per month from May 12, 2009, to December 31, 2012. Thereafter, from January 1, 2013, to December 31, 2014, Appellant would receive $2,500 per month in spousal support. The trial court determined the amount and duration of spousal support based on its conclusion the parties' marriage was not one of long duration. The trial court further found the amount of spousal support was appropriate based on the fact Appellant would obtain her associate's degree in accounting and be employed in the accounting field by December 31, 2010.

{¶7} Appellant timely appealed the trial court's decision. This Court affirmed in part, and reversed and remanded in part solely on the issue of the amount and duration of spousal support. *Batten v. Batten*, Fairfield App. No. 09-CA-33, 2010-Ohio-1912 ("*Batten I*"). The Ohio Supreme Court declined further review. *Batten v. Batten*, 126 Ohio St.3d 1583, 2010-Ohio-4542.

{¶8} On September 30, 3010, Appellant filed a motion, requesting the trial court schedule a pretrial as well as a final hearing based upon this Court's remand order. Appellee opposed the motion, arguing the taking of additional evidence was "immaterial

and irrelevant to the facts which [the court could] consider upon remand." The trial court found additional evidence was unnecessary and permitted the parties to file additional findings of fact and conclusions of law if he/she so chose.

{¶9} Via Entry filed December 10, 2010, the trial court modified its original spousal support award. The trial court ordered Appellee to pay spousal support to Appellant in the amount of $7,500 per month from June 1, 2009, through December 31, 2010, followed by $5,000 per month from January 1, 2011, through September 30, 2019. The trial court also found the parties' marriage to be "a long-term marriage".

{¶10} It is from this entry Appellant appeals, raising the following assignments of error:

{¶11} "I. THE TRIAL COURT'S DETERMINATION RELATING TO SPOUSAL SUPPORT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW, AND CONTRARY TO THE PRIOR DECISION OF THIS COURT, IN THAT THE AWARD WAS FOR A DEFINITE PERIOD OF TIME, AND THE AMOUNT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} "II. THE TRIAL COURT ERRED IN NOT CONSIDERING ADDITIONAL EVIDENCE AS TO THE CIRCUMSTANCES WHICH HAD CLEARLY CHANGED FROM THE DATE OF THE TRIAL MORE THAN THREE YEARS EARLIER, WHEN THIS COURT WAS CLEAR THAT SUPPORT SHOULD BE INDEFINITE, AND SUBJECT TO MODIFICATION."

I

{¶13} In her first assignment of error, Appellant contends the trial court's award of spousal support was against the manifest weight of the evidence, contrary to law, and

contrary to this Court's decision in *Batten I*, supra. Appellant further asserts the trial court's decision not to award indefinite spousal support was against the manifest weight of the evidence.

{¶14} This Court reviews the trial court's decision relative to spousal support under an abuse of discretion standard. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67,

{¶15} We find the trial court did not abuse its discretion in fashioning the spousal support award as it did. We concede the language in *Batten I* could be read to imply the trial court should, upon remand, award a greater amount of spousal support for each month. However, it is clear the trial court did increase the total amount of spousal support Appellant will receive by over 70%. As such, we find the trial court did comply with our prior order and did not violate the law of the case.

{¶16} With respect to the duration of the award, we, likewise, find the trial court did not abuse its discretion. In *Batten I*, this Court found the trial court erred in determining the parties' marriage was not a long-term marriage. However, the fact we found the marriage to be one of long duration does not, in and of itself, require the trial court to award indefinite spousal support. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008-Ohio-3756 (finding *Kunkle* should not be read to mandate permanent spousal support in marriages of long duration). The trial court did comply with this Court's order to extend the duration of spousal support.

{¶17} Upon review of the new spousal support order, we find the trial court's spousal support order does not demonstrate an abuse of discretion.

{¶18} Appellant's first assignment of error is overruled.

II

{¶19} In her second assignment of error, Appellant maintains the trial court erred in not considering additional evidence relative to the issue of the amount and duration of spousal support.  We disagree.

{¶20} "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred."  *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112, 113. This Court remanded the matter on the issue of the amount and duration of spousal support. Thus, the trial court was required to address the issue from the point at which the error occurred, i.e., the date of the original trial.  "A remand for 'further proceedings' should not be interpreted as a remand for 'further hearings' where no further hearings would have been required from the point of error forward".  *In re Swingle*, Muskingum App. No. CT08-0060, 2009-Ohio-1194 (Citation omitted).

{¶21} Appellant's second assignment of error is overruled.

{¶22} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VIRGINIA FAY BATTEN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM HENRICHS BATTEN | : | |
| | : | |
| Defendant-Appellee | : | Case No. 11-CA-1 |

For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

s/ John W. Wise _____
HON. JOHN W. WISE