[Cite as *Williams v. Williams*, 2013-Ohio-5156.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KELLY WILLIAMS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL WILLIAMS | : | Case No. 2013CA00093 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Family Court Division, Case
No. 2007 DR 00295


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT:        November 18, 2013


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

DAVID E. BUTZ        GERALD B. GOLUB
4774 Munson Street, NW        1340 Market Avenue, North
P.O. Box 36963        Suite 1
Canton, OH  44735-6963        Canton, OH  44714

*Farmer, P.J.*

{¶1}    On September 30, 2000, appellant, Michael Williams, and appellee, Kelly Williams, were married.  Three children were born of the marriage.  On March 8, 2007, appellee filed a complaint for divorce.  By decree of divorce filed January 3, 2008, the parties were granted a divorce.  Incorporated into the decree was the parties' shared parenting plan which provided for a deviation from the child support guidelines, requiring appellant to pay $180.00 per month per child or $540.00 per month.  The parties filed another shared parenting plan on February 23, 2009 containing the same child support amount.

{¶2}    On September 18, 2012, an administrative hearing on the issue of child support was held upon appellant's request.  In a report filed September 28, 2012, the hearing officer recommended the modification of child support to $1,199.08 per month with insurance or $1,200.04 per month plus a cash medical of $189.83 per month without insurance.  Appellant filed objections.

{¶3}    A hearing before a magistrate was held on January 10, 2013.  By judgment entry filed January 25, 2013, the magistrate deviated from the child support guidelines, ordering appellant to pay child support in the amount of $854.00 per month with insurance or $786.47 per month plus a cash medical of $188.00 per month without insurance.  Appellee filed objections.

{¶4}    A hearing before the trial court was held on April 12, 2013.  By judgment entry filed April 22, 2013, the trial court corrected the magistrate's decision on the calculation of the deviation only, and ordered appellant to pay child support in the

amount of $924.43 per month with insurance or $873.36 per month plus a cash medical of $212.58 per month without insurance.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE COURT ERRED IN NOT ADOPTING THE MAGISTRATE'S DECISION OF JANUARY 25, 2013 WHICH WAS NOT REQUIRED TO ENUMERATE FINDING OF EVERY FACTOR FOR A DEVIATION OF THE AMOUNT OF CHILD SUPPORT TO BE PAID AND BY NOT PROPERLY TAKING INTO CONSIDERATION ALL FACTORS CONSIDERED."

II

{¶7} "THE COURT ERRED IN NOT COMPLYING WITH SECTION 3119.24 OHIO REVISED CODE BY NOT MAKING A DETERMINATION THAT THE AMOUNT OF CHILD SUPPORT WOULD BE UNJUST OR INAPPROPRIATE AND WOULD NOT BE IN THE BEST INTEREST OF THE CHILD, AND FINDINGS OF FACT SUPPORTING ITS DETERMINATION."

II

{¶8} We shall address Assignment of Error II first as it is dispositive of the appeal. Appellant claims the trial court erred in failing to comply with R.C. 3119.24. We agree.

{¶9} In its judgment entry filed April 22, 2013, the trial court found and ordered the following, respectively:

The Magistrate found that there was no change of circumstances except the increase in Defendant's income. The child support guideline worksheet is correct as presented but has no deviation calculation. Therefore the Court should have used the same deviation calculation as previously agreed to, and used, by the parties. This calculation is as follows: $15,280.34 - $4,187.20 = $11,093.14 / 12 = $924.43. There should be no deviation of the cash medical as the justification for the deviation in part relies on health insurance provided by father.

The Magistrate's Decision is corrected for the calculation of the deviation only. The Objection granted in part. Defendant ordered to pay child support in the amount of $924.43 per month total for the three children, plus processing fees with insurance, and $873.36 per month total plus process fees, without insurance. Cash medical ordered at $212.58 plus processing fees. All remaining portions of the Magistrate decision are affirmed. It is so ordered.

{¶10} Both the magistrate and the trial court granted a deviation from the child support guidelines. The magistrate based his decision on the "abbreviated worksheet" attached to his judgment entry, whereas the trial court employed a deviation calculation as previously agreed to by the parties in their original shared parenting plan.

{¶11} R.C. 3119.24 governs child support under shared parenting orders and states the following in pertinent part:

(A)(1) A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.

(2) The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination.

{¶12} Neither the magistrate nor the trial court stated with particularity the reasons for the deviation. Although it might be argued that the original shared parenting plan is sufficient, we find given the change of circumstances, it is not. The matter is reversed and remanded for findings under R.C. 3119.24.

{¶13} Assignment of Error II is granted.

I

{¶14} This assignment challenges the trial court's determination on the amount of child support.  Based upon our reversal and remand in Assignment of Error II, this assignment is moot.

{¶15} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby reversed and the matter is remanded to said court for findings under R.C. 3119.24.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Craig R. Baldwin


SGF/sg 116

[Cite as *Williams v. Williams*, 2013-Ohio-5156.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KELLY WILLIAMS | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL WILLIAMS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA00093 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is reversed and the matter is remanded to said court for findings under R.C. 3119.24. Costs to appellee.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Craig R. Baldwin