[Cite as *Williams v. Williams*, 2014-Ohio-5321.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KELLY WILLIAMS | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2014CA00053 |
| | : | |
| MICHAEL WILLIAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2007DR00295

JUDGMENT:   AFFIRMED

DATE OF JUDGMENT ENTRY:   November 24, 2014

APPEARANCES:

For Plaintiff-Appellee:

DAVID E. BUTZ
KRUGLIAK, WILKINS et al.
4775 Munson St. N.W.
P.O. Box 36963
Canton, OH 44735-6963

For Defendant-Appellant:

GERALD B. GOLUB
1340 Market Ave. North, Suite 1
Canton, OH 44714

*Delaney, J.*

{¶1} Defendant-appellant Michael Williams (Husband) appeals from the January 22, 2014 Magistrate's Order/Decision of the Stark County Court of Common Pleas, Family Court Division.  Plaintiff-appellee (Wife) is Kelly Williams.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are drawn, in part, from our opinion in the first appeal of this matter, *Williams v. Williams*, 5th Dist. Stark No. 2013CA00093, 2013-Ohio-5156.

{¶3}  Husband and Wife were married on September 30, 2000 and three children were born of the marriage.  Wife filed a complaint for divorce on March 8, 2007 and a decree of divorce was granted on January 3, 2008.  Incorporated into the decree was the parties' shared parenting plan providing for a deviation from the child support guidelines, requiring Husband to pay $180.00 per month per child or $540.00 total per month.  On February 23, 2009, the parties filed another shared parenting plan containing the same child support amount.

*CSEA Administrative Hearing and Husband's Objection*

{¶4}  On September 18, 2012, an administrative hearing on the issue of child support was held upon Husband's request. In a report filed September 28, 2012, the hearing officer recommended the modification of child support to $1,199.08 per month with insurance or $1,200.04 per month plus a cash medical of $189.83 per month without insurance.

{¶5}  Husband filed objections to the findings and recommendations of the Hearing Officer on the following grounds:

1) "The parties herein have a Shared Parenting Plan. Under the terms of that plan [Husband] has the parties minor children with him more than fifty percent of the time. The parties had initially requested a deviation which would permit [Wife] to receive some child support. Under the circumstances herein [Husband] should actually be receiving child support as the parent of the children;" and

2) "The amount determined by the hearing officer does not take into consideration that there has been a Shared Parenting Agreement in effect in this matter which leaves the children a large portion of the time with [Husband]."

(Husband's Objection, October 4, 2012).

*Magistrate's Hearing of January 10, 2013 and Objections*

{¶6} Husband objected to the report of the C.S.E.A. Administrative Officer and a hearing was held before the magistrate on January 10, 2013. Husband's net pay was repeatedly stipulated as $74,898. (T. 5, 19, 28). The arguments before the magistrate were whether Wife's childcare expenses had been reduced; the extent to which Husband's health insurance expenses had changed; and the relative amounts of time each parent spent with the children.

{¶7} By judgment entry filed January 25, 2013, the magistrate deviated from the child support guidelines and ordered Husband to pay child support in the amount of $854.00 per month with insurance or $786.47 per month plus a cash medical of $188.00 per month without insurance.

{¶8}   Wife filed objections to the magistrate's order arguing Husband's income increased by 50% but hers remained the same; some of the reasons for the deviation no longer apply; and the magistrate should have awarded the guideline support amount of $1,273 per month or followed the deviation the parties previously agreed to (which would have resulted in a support amount of $925 per month).   Husband responded that the downward deviation was still appropriate and not an abuse of discretion because he had the children more than 50 percent of the time and the parties agreed to the deviation.

*The Trial Court Corrects Calculation of the Deviation*

{¶9}   A hearing before the trial court was held on April 12, 2013. By judgment entry filed April 22, 2013, the trial court corrected the magistrate's decision on the calculation of the deviation only and ordered Husband to pay child support in the amount of $924.43 per month with insurance or $873.36 per month plus a cash medical of $212.58 per month without insurance.   The trial court found the only change of circumstances is the increase in Husband's income and concluded the same deviation calculation the parties originally agreed to should apply.   The calculation ordered by the trial court, therefore, is: $15,280.34 - $4,187.20 = $11,093.14/12 = $924.43 per month. Further, "there should be no deviation of the cash medical as the justification for the deviation in part relies on health insurance provided by [F]ather."

*The First Appeal:  We Order the Trial Court to State Its*
*Reasons for Deviation with Particularity*

{¶10} Husband appealed the April 22, 2013 judgment entry of the trial court and raised two assignments of error:

1) "the trial court erred in not adopting the magistrate's decision of January 25, 2013 which was not required to enumerate finding of every factor for a deviation of the amount of child support to be paid and by not properly taking in consideration all factors considered;" and

2) "the court erred in not complying with Section 3119.24 Ohio Revised Code by not making a determination that the amount of child support would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination."

{¶11} In our decision of November 18, 2013, we found Husband's second assignment of error to be dispositive because neither the magistrate nor the trial court stated with particularity the reasons for the deviation. *Williams v. Williams*, 5th Dist. Stark No. 2013CA00093, 2013-Ohio-5156, ¶ 12. We reversed the trial court's decision and remanded the matter "for findings under R.C. 3119.24." Id.

*Proceedings upon Remand*

{¶12} A trial court order filed November 22, 2013, states "Matter remanded to Magistrate McFarren for findings consistent with the Court of Appeals decision. If hearing is required, matter shall be heard on December 17, 2013 at 11:30 a.m." The record is silent as to whether any hearing occurred on that date.[1] Instead, the record contains a "Memorandum in Support of [Husband's] Position as to Amount of Child

---

[1] Wife's Objection dated January 31, 2014 states the magistrate conducted a hearing on December 17, 2013 but no party requested the opportunity to present additional evidence. No transcript has been provided of this hearing.

Support," in which Husband argues the trial court used the wrong "multiplier" to determine the amount of the deviation and should have used a multiplier of .581069. Wife responded this position violates the parties' agreement and is not logical.

{¶13} On January 22, 2014, a magistrate's order approved by the trial court was filed stating the magistrate's findings in support of the deviation: the parties agreed to the deviation due to Husband's extra time with the children and his expense in maintaining health coverage for the children; therefore, the guideline amount is unjust or inappropriate and not in the best interest of the children. The guideline amount is $1273.36 per month, but using the deviation agreed to by the parties, the calculation is: $15,280.34 - $4,187.20 = $11,093.14/12 = $924.43 per month. Further, there is no deviation of the cash medical because the justification for the deviation in part relies on the expense of health insurance provided by [H]usband.

*Husband's Objections: Requests $12,929 to be deducted from Income*

{¶14} On January 28, 2014, Husband objected to the magistrate's decision, arguing for the first time his 2011 Federal Tax filing indicates he is entitled to a deduction of $12,929 from his net income of $74,898 due to motor vehicles, safety equipment, tools, work boots, and clothing. Husband also argued the CSEA Hearing Officer should have taken evidence regarding Wife's alleged reduced child care expenses. Finally, Husband claimed, the "multiplier" used by the court again was incorrect. Wife also objected to the magistrate's decision only on the ground she should have been granted attorney's fees and argued Husband was attempting to present new evidence and introduce new arguments.

{¶15} A hearing on the parties' objections was held before the trial court on March 3, 2014. Husband argued the magistrate should have taken evidence as to his vehicle expenses and the multiplier was wrong. The trial court responded Husband was attempting to raise arguments he didn't raise before the magistrate, or in the original proceedings and resulting appeal. The trial court also pointed out no "multiplier" was used in the court's calculations; the formula is a simple algebraic equation of Husband's obligation minus Wife's obligation using the new figures.

{¶16} Husband now appeals from the January 22, 2014 Decision of the trial court.

{¶17} Husband raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶18} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CONSIDER APPELLANT'S DOCUMENTED WORK EXPENSES, CONTRIBUTION FOR SCHOOL SUPPLIES AND COST OF EXTRACURRICULAR ACTIVITIES, AND IN FAILING TO CONSIDER APPELLEE'S REDUCED CHILD CARE EXPENSES WHEN CALCULATING CHILD SUPPORT."

{¶19} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO SET FORTH SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS ORDER RECALCULATING CHILD SUPPORT."

**ANALYSIS**

I.

{¶20} In his first assignment of error, Husband argues the trial court erred in failing to consider factors including work expenses and contributions toward school

supplies and extracurricular activities when calculating child support. These factors were not properly raised below and we therefore disagree.

{¶21} As the trial court pointed out, Husband's objections of January 28, 2014 raised issues that were not first raised before the magistrate, including factors Husband alleges the C.S.E.A. Hearing Officer should have taken into account in reducing his income from $74,898. We note Husband repeatedly stipulated to his income at the hearing before the magistrate on January 10, 2013, and these purported deductions were not raised in subsequent objections thereto or in the first appeal.

{¶22} The matter of purported deductions from Husband's income is therefore res judicata. Issues that could have been, but were not, raised in previous appeals are res judicata. *Campbell v. Campbell*, 5th Dist. Licking No. 06CA85, 2007-Ohio-2175; see also, *Carpenter v. Carpenter*, 7th Dist. Noble Nos. 11 NO 387 and 11 NO 388, 2012-Ohio-4567. "Res judicata" is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶23} We decline to reach the merits of whether the claimed amounts should be deducted from Husband's stipulated income, for the first time, as that issue is res judicata. Husband's first assignment of error is overruled.

II.

{¶24} In his second assignment of error, Husband challenges the magistrate's findings as approved by the trial court resulting from our remand in the first appeal. We

note, though, Husband has not provided the record of the hearing before the magistrate on December 17, 2013.[2]

{¶25} No transcript of the hearing before Magistrate McFarren was filed pursuant to Civ.R. 53(D)(3)(b)(iii) in the trial court. Husband also failed to request a transcript pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower's court proceedings, and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Wife directs us to *Wade v. Wade*, wherein the Court stated:

> We are aware that the trial court is required to undertake an *independent* analysis to determine whether the referee's recommendations should be adopted pursuant to Civ.R. 53, regardless of whether any party filed any objections or related transcripts. However, absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the referee's conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings.

---

[2] Wife's Objection dated January 31, 2014 states the magistrate conducted a hearing on December 17, 2013 but no party requested the opportunity to present additional evidence. In such case, Husband would have waived his argument the trial court should have taken additional evidence. See, *In Matter of Perez Richland County Services Board*, 5th Dist. Richland No. CA 1937, unreported, 1981 WL 6167 (Mar. 9, 1981).

*Wade v. Wade*, 113 Ohio App. 3d 414, 418, 680 N.E.2d 1305 (11th Dist.1996).

{¶26} Because Husband failed to provide the lower court, and this Court, with those portions of the transcript necessary for resolution of his second assignment of error, we must presume the regularity of the proceedings below and affirm pursuant to the directives set forth in *Knapp*, supra. See also, *Williams v. Williams*, 5th Dist. No. 2013 AP 07 0027, 2013-Ohio-5861.

{¶27} Husband implies our remand required the taking of additional evidence. As we have previously stated, however, "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *Batten v. Batten*, 5th Dist. Fairfield No. 11-CA-1, 2011-Ohio-3803, ¶ 20, citing *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431 N.E.2d 324 (1982). This Court remanded the matter "for findings under R.C. 3119.24." *Williams*, supra, 2013-Ohio-5156 at ¶ 15. "A remand for 'further proceedings' should not be interpreted as a remand for 'further hearings' where no further hearings would have been required from the point of error forward". *In re Swingle,* 5th Dist. Muskingum No. CT08–0060, 2009–Ohio–1194 at ¶ 12.

{¶28} In light of Husband's failure to comply with Civ.R. 53(D)(3)(b)(iii) and App.R. 9(B), his second assignment of error is overruled.

**CONCLUSION**

{¶29} Husband's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.